UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GLORIA SIMON AUCOIN<br>LA. DOC. #84690<br>VS.<br><br>JOHNNIE JONES, WARDEN | CIVIL ACTION NO. 06-0310<br><br>SECTION P<br>JUDGE MELANÇON<br>MAGISTRATE JUDGE METHVIN |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 on February 16, 2006 by *pro se* petitioner Gloria Simon Aucoin. Aucoin is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. She is incarcerated at the Louisiana Correctional Institute for Women at St. Gabriel, Louisiana, where she is serving the life sentence for a 1977 murder conviction in the Fifteenth Judicial District Court, Lafayette, Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is **RECOMMENDED** that this successive *habeas corpus* petition be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings under 28 U.S.C. § 2244(b)(3)(A).

### *Background*

Aucoin was convicted of murder in the Fifteenth Judicial District Court on May 19, 1977; a life sentence was imposed. Her conviction and sentence were affirmed by the Louisiana Supreme Court on September 5, 1978. *State v. Aucoin*, 362 So.2d 503 (La.1978). Her attempts to obtain post-conviction relief were unsuccessful. See *State ex rel. Aucoin v. Jones*, 420 So.2d

158 (La. 1982); *State ex rel. Aucoin v. Jones*, 482 So.2d 631 (La. 1986); *State ex rel. Aucoin v. State*, 749 So.2d 656 (La. 1999).

Aucoin filed her first petition for a federal writ of *habeas corpus* in this court in 1984, raising a claim of insufficiency of the evidence. See *Aucoin v. Jones*, No. 84-cv-0097. Her petition was dismissed on the merits and that decision was affirmed by the United States Fifth Circuit Court of Appeals. *Aucoin v. Jones*, 759 F.2d 449 (5th Cir. 1985).

In 1986 she filed a second petition for *habeas corpus* and argued that she had not been provided with a trial transcript, that the jury which tried her case was not sequestered, and that she received ineffective assistance of counsel. This court denied the petition as an abuse of the writ. *Aucoin v. Warden*, 86-cv-0769. The Fifth Circuit granted a Certificate of Probable Cause, reviewed the merits of her claims, and ultimately determined that her claims were without merit. *Aucoin v. Warden*, 824 F.2df 970 (5th Cir. 1987) (unpublished).

On December 3, 1999 she filed her third petition for writ of *habeas corpus* raising equal protection and due process violations associated with the grand jury selection process and ineffective assistance of counsel based on counsel's failure to timely object to the composition of the grand jury. Since this filing occurred after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the successive petition was transferred to the Fifth Circuit Court of Appeals in accordance with the provisions of 28 U.S.C. §2244(b)(3)(A). *Aucoin v. Warden*, 99-cv-2226.

Aucoin's request for permission to file a successive *habeas corpus* petition was denied by the Fifth Circuit on April 4, 2000. *In Re: Gloria Simon Aucoin*, 00-30129 (5th Cir. 2000).

This petition raises the following claims: "(1) Conviction obtained by action of a grand

jury which was unconstitutionally selected and impaneled against due process and equal protection of the law. (2) Denial of effective assistance of counsel in violation of due process and equal protection of the law. (3) Conviction obtained by evidence withheld that would have been favorable to defendant; by the State's unconstitutional failure, due process and equal protection, fair trial denied." [doc. 1-1, Paragraph 5]

### *Findings and Conclusions*

This petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A) which provide that a second or successive §2254 *habeas* petition must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See *In re Epps*, 127 F.3d 364 (5th Cir.1997); see also *In re Tolliver*, 97 F.3d 89, 90 (5th Cir.1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."

This petition is successive. See *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998) (a subsequent petition is successive when it "raises a claim challenging the petitioner's conviction or sentence <u>that was or could have been raised</u> in an earlier petition, or otherwise constitutes an abuse of the writ.") (emphasis supplied).

Unless and until the Fifth Circuit Court of Appeals first grants petitioner leave to file the present petition, this court lacks jurisdiction to consider it. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000).

In *In Re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure

to be employed when a successive petition is filed in the district court. *Epps* implies that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under §2244 is proper. Therefore, this petition should be transferred to the Fifth Circuit. Accordingly,

**IT IS RECOMMENDED** that Aucoin's successive Application for Writ of *Habeas Corpus* be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings in accordance with the provisions of 28 U.S.C. §2244(b)(3).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific written objections with the Clerk of Court.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on March 30, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)